UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SUSMAN, SCHERMER, RIMMEL & SHIFRIN, L.L.C., a Missouri limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:06-CV-1222 CAS |
| GANNON PARTNERSHIP 19, L.P., a Missouri limited partnership, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction, or Alternatively, to Refer Proceeding to the Bankruptcy Court. For the following reasons, the Court will deny defendant's motion to dismiss and grant defendant's alternative motion to refer the proceeding to the bankruptcy court.

**I.      Background**

On August 14, 2006, plaintiff Susman, Schermer, Rimmel & Shifrin, L.L.C. filed this action alleging, among other things, breach of the provisions of a Chapter 11 plan of reorganization. Plaintiff seeks attorneys' fees and expenses allowed to it as counsel to several debtors in the consolidated Chapter 11 case, <u>West Point Limited P'ship</u>, No. 90-44326-172, previously pending before the United States Bankruptcy Court for the Eastern District of Missouri.[1] Plaintiff alleges defendant is liable for the payment of these fees and expenses pursuant to the terms of the Chapter

---

[1] Contemporaneously with filing the instant motion, defendant filed a Motion to Reopen Chapter 11 Proceedings in the Bankruptcy Court, Case No. 90-44326-659. [Doc. 554]. On November 22, 2006, Judge Kathy A. Surratt-States granted defendant's motion to reopen the case should this Court grant defendant's pending motion to transfer. [Doc. 559]

11 plan of reorganization, referred to in the complaint as the First Amended Joint Plan of Reorganization of The Gannon Management Company and William E. Franke ("Plan"). The Plan transferred to defendant several apartment complexes formerly owned by the debtors, and defendant agreed to pay the administrative expense claims of the debtors.

The Plan was confirmed by the Bankruptcy Court for the Eastern District of Missouri by an order dated June 22, 1992. In connection with the Chapter 11 cases, plaintiff filed fee applications with the bankruptcy court. A ruling on these fee applications was delayed several years pending the outcome of the valuation of the debtors' assets by the bankruptcy court pursuant to a remand from the district court and the rulings of the district court and court of appeals on the debtors' appeal of the confirmation of the plan. The fee applications were ruled on in an order dated December 21, 2005 (the "Fee Order"). The Fee Order granted plaintiff an award of $253,074.50 for fees and services and $37,372.97 for reimbursement of costs and expenses. On January 27, 2006, the bankruptcy court closed the Chapter 11 cases.

Defendant has filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, alleging that this court has no jurisdiction because plaintiff's complaint does not arise under, arise in, or relate to a case under Title 11. Alternatively, defendant seeks to transfer this case the bankruptcy court for resolution pursuant to 28 U.S.C. § 157 and Local Rule 9.01(B)(1).

**II. Discussion**

    **A.** <u>**Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction**</u>

Subject matter jurisdiction of the district courts over bankruptcy matters is governed by 28 U.S.C. §§ 1334 and 157. Section 1334(a) grants original and exclusive jurisdiction of all bankruptcy cases to the district court. Subsection (b) of 1334 provides that the district courts have original, but

not exclusive, jurisdiction of cases "arising under," "arising in," or "related to" a Title 11 proceeding. See In re Farmland Indus., Inc., 296 B.R. 793, 802 (B.A.P. 8th Cir. 2003). Section 157 provides for the referral of those matters to the bankruptcy courts. Thus, the bankruptcy court's jurisdiction is limited to three categories of cases: (1) those that arise under Title 11, (2) those that arise in cases under Title 11, and (3) those related to cases under Title 11. See id.

Section 157 also establishes the framework of core and non-core proceedings. Core proceedings consist of any proceedings arising under or arising in a case under Title 11. See 28 U.S.C. § 157(b). Non-core proceedings are civil proceedings that do not invoke a substantive right created by bankruptcy but nonetheless fall within the subject matter jurisdiction of the bankruptcy court because these proceedings are "related to" cases under Title 11. A case is related to a Title 11 case if it has some "conceivable effect" on the administration of the debtor's estate. See Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995) (quoting In re Dogpatch U.S.A., Inc., 810 F.2d 782, 786 (8th Cir. 1987)).

1. "Arising Under" Jurisdiction

A case arises under Title 11 if it invokes a substantive right created by the bankruptcy law. The phrase "arising under" applies to proceedings that involve claims expressly created or determined by Title 11. See Farmland Indus., 296 B.R. at 803; Williams v. Citifinancial Mortgage Co., 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001). Defendant contends that plaintiff's claims do not arise under Title 11. It states that plaintiff's claims for breach of the Plan, breach of trust, breach of fiduciary duty, negligence, unjust enrichment, and for declaratory judgment and an accounting exist at state law, and may be maintained outside of bankruptcy. Plaintiff, however, contends that its claims are controlled by sections 327, 328, and 330 of the Bankruptcy Code.

The provisions of Title 11 cited by plaintiff are the statutory means by which an attorney can assert claims for payment against the bankruptcy estate. Plaintiff has already submitted three applications for the allowance of administrative claims to pay fees and expenses against the bankruptcy estate, and the bankruptcy court has issued the Fee Order. Plaintiff's current claims seek the enforcement of that Fee Order. These claims are not based upon rights specifically created by Title 11. Accordingly, these claims do not fall within this Court's jurisdiction over proceedings arising under Title 11.

2. "Arising In" Jurisdiction

In addition to "arising under" jurisdiction, the district court has jurisdiction of cases that "arise in" Title 11 cases. The phrase "arising in" generally refers to administrative matters that, although not expressly created by Title 11, would have no existence but for the fact that a bankruptcy case was filed. See Williams, 256 B.R. at 891. Examples of actions that arise in Title 11 cases are proceedings for turn-over orders, determinations of lien priority or validity, or preference avoidance or recovery. See In re IPDN Corp., 352 B.R. 870, 877 (Bankr. E.D. Mo. 2006).

Defendant does not address "arising in" jurisdiction in its memorandum. Rather, its contention that the Court lacks subject matter jurisdiction focuses on its claim that plaintiff's case does not "arise under" or "relate to" the bankruptcy case. For its part, plaintiff argues that its case arises in the Chapter 11 case because it seeks the payment of an administrative expense claim for attorneys' fees incurred as counsel for the debtors, which is a matter of estate administration. It states that the underlying administrative expense claim would not exist but for the bankruptcy cases.

The jurisdictional question presented by defendant has been addressed by numerous courts, the majority of which find that questions regarding attorneys' fees in an underlying bankruptcy proceeding are matters "arising in" that proceeding, and thus within the subject matter jurisdiction of the district courts. See, e.g., In re A.H. Robins Co., Inc., 86 F.3d 364, 372 (4th Cir. 1996) (holding that district court had subject matter jurisdiction to issue an order disallowing unreasonable attorneys' fees of lawyers who represented claimants seeking recovery from the trust created under a Chapter 11 plan); In re Tate, 253 B.R. 653, 662 (Bankr. W.D.N.C. 2000) (finding claims seeking partial disallowance of attorneys' fees were claims "arising in" bankruptcy); In re Farquhar, 96 B.R. 945, 950-51 & n.24 (Bankr. W.D. Mo. 1988) ("[A]ttorney's fees are considered as part of a bankruptcy estate, and actions which arise with respect thereto are considered to be actions 'arising in' bankruptcy proceedings."); cf. Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003) (holding legal malpractice claim against debtor's bankruptcy attorney was a claim "arising in" Title 11 for purposes of bankruptcy jurisdiction).

Although it is true that plaintiff's case is one to enforce a contract, the cause of action arises in the course of administration of the Chapter 11 proceedings. Plaintiff's claims seek to enforce the Fee Order entered by the bankruptcy court. The allowance of attorneys' fees is closely related to administering the estate, and this claim would have no practical existence but for the bankruptcy action. Attorneys' fees are ordinarily construed to be within the core jurisdiction of the bankruptcy court. By regulating the attorneys' fees, the court necessarily adds to or detracts from the size of the bankruptcy estate. See In re Farquhar, 96 B.R. at 950-51 & n.24. Here, the fee award is solely the product of the bankruptcy litigation. Although not expressly created by Title 11, plaintiff's claims

would not exist but for the fact that the bankruptcy case was filed. The Court finds that it has subject matter jurisdiction in the instant matter.[2]

### B. Motion to Refer Proceedings to the Bankruptcy Court

Local Rule of the United States District Court for the Eastern District of Missouri 9.01(B)(1) states that all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district. Because the Court finds that this action arises in a case under Title 11, it shall grant defendant's motion to refer the case to the bankruptcy court.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction, or Alternatively, to Refer Proceeding to the Bankruptcy Court is **GRANTED** in part and **DENIED** in part. [Doc. 6]

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 157 and Local Rule 9.01(B)(1) this action is referred to the United States Bankruptcy Court for the Eastern District of Missouri for further proceedings.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of June, 2007.

---

[2] This finding is not altered by the fact that the reorganization plan has been confirmed and consummated. Bankruptcy courts retain jurisdiction over core proceedings after the dismissal or closure of the underlying bankruptcy case. See In re Williams, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001). Closure relates merely to the administrative status of a case and does not deprive the bankruptcy court of jurisdiction to determine matters relevant to the case. See In re Koerkenmeier, 344 B.R. 603, 607 (Bankr. W.D. Mo. 2006).